UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

BYRON TROTT,

      Plaintiff,

                                            CASE NO: 5:12-cv-725

vs.

ALVAND, INC.,

      Defendants.

_____/

## COMPLAINT

      Plaintiff, Byron Trott ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues Alvand, Inc. ("Defendant") for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

      1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

      2.      Venue is proper in this Court, the Western District of Texas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Western District of Texas.

      3.      Plaintiff, Byron Trott (hereinafter referred to as "Trott"), is a resident of the State of Texas and is a qualified individual with a disability under the ADA.  Trott suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that he suffers from ankylosing

spondylitis, has artificial hips and knees and requires the use of a wheelchair or crutches/canadian canes for mobility. Trott also has limitations with his upper extremities secondary to years of using crutches for mobility.  Prior to instituting the instant action, Trott visited the Defendant's premises at issue in this matter in June and July of 2012, and was denied full, safe and equal access to the subject property due to its lack of compliance with the ADA.  Trott continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.      The Defendant, Alvand, Inc., is a corporation registered to do business and, in fact, conducting business in the State of Texas.  Upon information and belief, Alvand, Inc. (hereinafter referred to as "Alvand") is the owner, lessee and/or operator of the real property and improvements that is one of the subjects of this action, specifically the 410 Diner located at 8315 Broadway in San Antonio, Texas (hereinafter referred to as the "Restaurant").

5.      All events giving rise to this lawsuit occurred in the Western District of Texas.

## COUNT I - VIOLATION OF THE ADA

6.      On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurant at issue in this cause is a place of public accommodation within the meaning of the ADA.

8.      Alvand has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods,

2

services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of 42 U.S.C §12101 *et seq.*

9.     Trott has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurant.  Prior to the filing of this lawsuit, Trott visited the Restaurant at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact.  In addition, Trott continues to desire and intends to visit the Restaurant, but continues to be injured in that he is unable to and continues to be discriminated against due to the barriers to access that remain at the Restaurant in violation of the ADA.  Trott has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11.     Alvand is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

(i)     The signage provided at the accessible parking spaces is mounted too low to be visible over parked vehicles;

(ii)     There are an insufficient number of accessible and van accessible parking spaces provided;

(iii)     The landing at the entry doors is not level and does not provide sufficient maneuvering space for a person using a wheelchair to enter the facility;

(iv)     There are doors in a series that are too close for a wheelchair user to open the interior entry doors;

3

(v)     The toilet rooms have knob-type hardware that requires tight grasping and twisting of the wrist to operate;

(vi)    No accessible signage is provided for the toilet rooms;

(vii)   In the men's toilet room, there is insufficient knee clearance at the lavatory for a wheelchair user;

(viii)  In the men's toilet room, the mirror is installed too high for a wheelchair user;

(ix)    In the men's toilet room, the paper towel dispenser is installed too high to be readily accessed by a wheelchair user;

(x)     The toilet stall in the men's toilet room is not large enough to be used by a wheelchair user and no standard wheelchair accessible stall is provided;

(xi)    The grabs bars provided are not compliant;

(xii)   The toilet paper dispenser is mounted too close to the grab bar in the toilet stall;

(xiii)  There is a baby changing table mounted on the wall outside of the toilet stall that prevents the toilet stall door from being fully opened;

(xiv)   There is not sufficient maneuvering clearance at the toilet room entry door for a wheelchair user to exit the toilet room;

(xv)    The men's toilet room door is too heavy.

12.     There are other current barriers to access and violations of the ADA at the Restaurant owned and operated by Alvand that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13.     To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

4

14.     Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §§36.304 and 36.401, Alvand was required to make its Restaurant, a place of public accommodation, accessible to persons with disabilities by January 28, 1992.  To date, Alvand has failed to comply with this mandate.

15.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by Alvand pursuant to 42 U.S.C. §12205.

16.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Alvand and requests the following injunctive and declaratory relief:

A.     That the Court declare that the property owned and administered by Defendant is violative of the ADA;

B.     That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.     That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.     That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.     That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 26th day of July 2012.

5

Respectfully submitted,

By:    /s/ Edward I. Zwilling

Edward I. Zwilling, Esq.

Alabama State Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Schwartz, Roller & Zwilling

600 Vestavia Parkway, Suite 251

Birmingham, Alabama 35216

Telephone:   (205) 822-2701

Facsimile:   (205) 822-2702

Email:   ezwilling@szalaw.com